# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **MARIO GRAY** | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. |
| **CITY OF BROOKHAVEN, GEORGIA**, | ) | |
| a municipal corporation of the State of | ) | |
| Georgia, and **Katheryn Quilcate**, | ) | |
| individually. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Mario Gray, by and through his undersigned counsel of record and hereby files this Complaint for damages arising out of Defendants' unlawful use of excessive force against Mario Gray, on or around December 12th, 2023, resulting in Mr. Gray suffering a fractured back and additional serious and permanent physical injuries. Plaintiff shows this Honorable Court as follows:

## INTRODUCTION

1.  Plaintiff bring this civil action seeking damages pursuant to 42 U.S.C. § 1983 et. seq., for Defendants' violations of Plaintiff's federal rights as guaranteed

by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and for violations under Georgia law.

## PARTIES AND JURISDICTION

2.  Plaintiff Mario Gray is the victim for this action (hereinafter referred to as "Plaintiff" or "Mr. Gray").

3.  Mr. Gray resides in the Northern District of Georgia.

4.  Defendant city of Brookhaven (the "City") is a municipal corporation and political subdivision of the State of Georgia and exercises its police powers through the Brookhaven Police Department ("BPD"). At all times material hereto, The city of Brookhaven is responsible for its performance regarding police functions, and training of police officers. The City may be served with this Complaint by service upon Mayor John Park at Brookhaven City Hall, 4362 Peachtree Road, NE, Brookhaven, Georgia 30319. Therefore, the City is subject to the jurisdiction of this Court.

5.  Plaintiff provided timely ante litem notice of their claims to the City on or about April 1, 2024.

6.  Attached hereto as Exhibit "A" is the ante litem notice provided to the City of Brookhaven, GA.

7.     Attached hereto as Exhibit "B" is proof of receipt by the City of Brookhaven, GA of the ante litem notice.

8.     At all times material hereto, Defendant Katheryn Qulicate was a law enforcement police officer employed by the City of Brookhaven and was acting under color of state law within the scope of her duties as such. Defendant Qulicate is being sued in her individual capacity. Defendant Qulicate may be served with this Complaint by service upon her at (address intentionally omitted). When served in the manner prescribed by law, Defendant Qulicate shall be subject to the jurisdiction and venue of the Court.

9.     The Defendants are both citizens of the State of Georgia, and at least one of them resides within the Northern District of Georgia.

10.    Upon service of the summons and complaint in a manner prescribed by law, Defendants shall be properly subject to the personal jurisdiction of the Court.

11.    The subject incident occurred within the Northern District of Georgia, Atlanta Division. Venue is therefore proper in this court.

## FACTUAL ALLEGATIONS

12.    This is an action for the needless and wrongful permanent physical injuries afflicted upon Mr. Gray, a 39-year-old African American Male, by the illegal actions of the Defendants.

13. During the afternoon hours of December 12, 2023, Defendant Qulicate was dispatched to 1466 Kings Crossing Drive in reference to property damage.

14. Defendant Quilcate sought out to discuss the nature of the call with the Property Manager Junhan Wang upon her arrival.

15. Someone contacted the police based upon their belief Mr. Gray did not have a right to occupy the property at issue.

16. Defendant Quilcate activated her body worn camera to record her interaction with Mr. Gray.

17. Defendant Quilcate was directed to the condominium unit at issue leased by Mr. Gray.

18. Mr. Gray was changing the locks on the front door of the unit he legally leased when Defendant Quilcate approached him.

19. Defendant Quilcate asked Plaintiff to identify himself upon her arrival at the unit.

20. Mr. Gray identified himself as Mario, and he offered to show Officer Quilcate his lease agreement for the property at issue.

21. Mr. Gray entered the property to retrieve his lease agreement on his phone.

22. Defendant Quilcate followed Mr. Gray into the residence.

23. Mr. Gray exited the unit through the back door to avoid a private confrontation with Officer Quiolcate.

24. Defendant Quilcate followed Mr. Gray out the backdoor.

25. Defendant Quilcate observed the Mr. Gray sitting on the grass outside directly in front of a retaining wall with a nine (9) foot drop below.

26. Mr. Gray stood up from his seated position.

27. Defendant Quilcate unholstered her agency issued taser.

28. Both Mr. Gray and Defendant Quilcate were standing parallel to the retaining wall with a nine (9 foot) drop below.

29. Defendant Quilcate aimed at and tased Mr. Gray in the back.

30. Mr. Gray had no control of his body and fell nine (9) feet below to the ground.

31. After falling nine (9) feet off a retaining Mr. Gray was placed in a seated position in a police car.

32. EMS arrived on the scene and evaluated Mr. Gray.

33. After evaluation, EMS advised police Mr. Gray needed to be evaluated at the hospital.

34. Brookhaven Police Department advised EMS that they would transport Mr. Gray to the hospital in a police vehicle.

35. Police were advised by EMS that if they changed their mind about transporting Mr. Gray they would return and transport him to the hospital.

36. Mr. Gray was transported to DeKalb County Jail despite his need for medical treatment.

37. On or about December 13th, 2023, Mr. Gray was transported by Officer D. San from Dekalb County Jail to Emory Decatur Center for medical treatment.

38. Mr. Gray was evaluated at Emory and transferred to Grady Medical Center for treatment.

39. Mr. Gray was placed in the Intensive Care Unit after his arrival at Grady Medical Center.

40. Due to his fall off the retaining wall Mr. Gray suffered a fractured spine which required eight (8) permanent screws to keep his spine intact, three (3) broken ribs, permanent orbital and vision injuries due to laceration on his right lid and right eyeball, head injuries, a broken collarbone, a punctured lung, a hematoma and bleeding in his right ear, and a chipped tooth. Mr. Gray now requires the use of a wheelchair for mobility.

41. Prior to and at the time Defendant Quilcate tased Mr. Gray, Defendant Quilcate violated Mr. Gray's civil rights under both the United States Constitution, and the United States Code, including excessive force and violation of due process.

42. Defendant CITY OF BROOKHAVEN, to include the City of Brookhaven Police Department and its supervisors, have failed to properly train its officers on proper tasing protocol which permits and tolerates the unreasonable excessive use of force by police officers.

43. The acts, omissions, systemic flaws, policies, and customs of Defendant CITY OF BROOKHAVEN, to include the City of Brookhaven Police Department, and Defendant Quilcate, caused police officers of the City of Brookhaven to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers were more likely to use excessive force against Mr. Gray and others in the future.

## COUNT ONE: EXCESSIVE FORCE

44. Acting under the color of state law, Defendant Quilcate deprived Mr. Gray of his federally protected rights to be free from the use of excessive force against him and to be free from unreasonable searches and seizures by: (1) conducting an unreasonable seizure of Plaintiff, and (2) illegally and unreasonably using excessive force against Plaintiff by tasing him causing him to fall and have

permanent injuries. Defendant Quilcate deprived Plaintiff of his federally protected Fourth Amendment right through her unreasonable and unlawful actions.

45. Defendants Quilcate's unconstitutional actions were made pursuant to or according to the custom or policy of Defendant CITY OF BROOKHAVEN, or the Brookhaven Police Department and were therefore state actions or committed under the color of state law. Moreover, Defendants CITY OF BROOKHAVEN, Brookhaven Police Department, failed to adequately and properly train or discipline Defendant Quilcate in violation of the Fourth Amendment of the United States Constitution.

46. Acting under the color of state law, Defendant Quilcate used a taser on Mr. Gray, a non-violent suspect.

47. Defendant Quilcate used a Taser weapon on Mr. Gray when he was at a conspicuously dangerous and elevated location in violation of established case law.

48. Mr. Gray posed no threat to Defendant Quilcate when she tased him by the retaining wall.

49. Mr. Gray relies on the precedent rulings held in the 11th Circuit Court of Appeals, where it has been found that the indiscriminate use of a "Taser Gun" while the suspect is in high or elevated places can be found by a jury as a negligent tort. The Courts have found that such a negligent tort violates a person's clear

"right to be free from excessive force". *Brady v. Benton*, Case No. 20-11509, 11th Cir, (2021).

50.     Whereas it is alleged that Defendant Quilcate used the weapon on Mr. Gray with the intent to be highly offensive, aggressive and to force Mr. Gray down on to the ground.

51.     Defendant City of Brookhaven and the BPD failed to properly train officer Quilcate, as most officers are trained nationwide that a Taser "will cause most everyone to fall and therefore should not be used when the risk of falling would likely result in death or [serious injury]……and "not appropriate" to use a Taser "if someone is at an elevated height.". Brady v. Benton, Case No. No. 20-11509, 11th Cir. (2021).

52.  The Brookhaven Police Department Taser policy neglects to train its officers to not deploy their tasers on suspects if the suspect is at an elevated height.  The Brookhaven Police Department Taser Policy is attached to this Complaint as Exhibit "C."

53.     Wherefore, Plaintiff alleges that the City of Brookhaven is complicit and has joint liability for the actions of Defendant Quilcate that caused Mr. Gray's extensive and permanent injuries.

## COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS (CLAIM FOR COMPENSATORY DAMAGES)

54. Per 42 U.S.C. 1983, the intentional battery of Plaintiff, without legal justification, the Defendants violated the rights of Plaintiff as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, for which all named Defendants are liable.

## COUNT THREE: VIOLATION OF CONSTITUTIONAL RIGHTS (CLAIM FOR EXEMPLARY DAMAGES)

55. Per 42 U.S.C. 1983, the intentional battery of Plaintiff Defendant Quilcate occurred when Plaintiff was unarmed, did not pose a threat of death or grievous bodily injury to anyone; therefore, Defendant Quilcate had no lawful authority to use excessive force against Plaintiff. Said force was done with actual malice toward Plaintiff, and with willful and wanton indifference to, and deliberate disregard for the constitutional rights of Plaintiff.  Plaintiff is thus entitled to exemplary damages.

56. Defendant Quilcate acted willfully, wantonly, or with conscious indifference for the consequences of her actions when she illegally tased Plaintiff by the retaining wall causing him to fall and suffer permanent injuries.  Defendant Quilcate, in her individual capacity, knowingly, maliciously and intentionally injured Plaintiff and have acted with a willful, wanton and reckless disregard of Plaintiff 's rights.

57. As a result of Defendant Quilcate's malicious, reckless and intentional conduct, Plaintiff is entitled to a punitive damages award against defendant in her individual capacity.

### COUNT FOUR: VIOLATION OF STATUTORY CIVIL RIGHTS (CLAIM FOR COMPENSATORY DAMAGES)

58. The intentional battery of Plaintiff by Defendant Quilcate occurred when Plaintiff was unarmed, did not pose a threat of death or grievous bodily injury to Defendant Quilcate or others; therefore, Defendant Quilcate had no lawful authority to use excessive force or non-deadly force against Plaintiff. Said force was done with actual malice toward Plaintiff and with willful and wanton indifference to, and deliberate disregard for the statutory rights of Plaintiff.

59. Defendant CITY OF BROOKHAVEN, acting under color and authority of state law, have maliciously, intentionally and with deliberate indifference deprived Plaintiff of his rights, privileges and immunities secured by the United States Constitution, specifically, the Fourth Amendment right to be free of unreasonable search and seizures and the use of excessive force and its laws pursuant to 42 U.S.C. 1983 by failing to properly train Defendant Quilcate to not tase suspects by a retaining wall a legal basis.

60. Defendant Quilcate, acting under color and authority of state law, have maliciously, intentionally and with deliberate indifference deprived Plaintiff of his

rights, privileges and immunities secured by the United States Constitution, specifically, the Fourth Amendment right to be free of unreasonable search and seizures and the use of excessive force and its laws pursuant to 42 U.S.C. 1983 by violently slamming Plaintiff against a parked vehicle resulting in a fractured back and other significant injuries, without provocation or a legal basis.

61. As a result of Defendants' actions in depriving Plaintiff of his civil rights and rights guaranteed under the United States Constitution pursuant to 42 U.S.C. S 1983, Plaintiff has suffered damages, including but not limited to, excruciating bodily injuries and significant medical expenses.

### COUNT FIVE: 42 U.S.C. 1983 -MONELL LIABILITY (CLAIM FOR COMPENSATORY DAMAGES)

62. At all times prior to the incident complained of it was the policy and practice of Defendant CITY OF BROOKHAVEN and the City of Brookhaven Police Department, to employ certain police officers, including Defendant Quilcate described in the foregoing paragraphs.

63. Defendant CITY OF BROOKHAVEN have a persistent and widespread practice of allowing the City of Brookhaven Police officers to use unreasonable and excessive force without justification. Further, these Defendants were deliberately indifferent to this practice and custom within the Brookhaven Police

Department, thereby allowing the deprivation of Plaintiff's civil rights, as described in Counts through Four of this Complaint.

64. Defendant CITY OF BROOKHAVEN have a persistent and widespread practice of allowing the City of Brookhaven Police officers to violate the City of Brookhaven Police Department's own policies and procedures. Further, these Defendants were deliberately indifferent to this practice and custom within the Brookhaven Police Department by failing to implement and enforce legal policies; failing to properly train; failing to properly discipline; thus creating a culture within the City of Brookhaven Police Department wherein violating citizens' civil rights was not only tolerated, but also encouraged; thereby allowing the deprivation of Plaintiff 's civil rights, as described in this Complaint.

65. Defendant CITY OF BROOKHAVEN has a persistent and widespread practice of failing to properly train and supervise the City of Brookhaven Police officers, and thereby was the moving force in allowing the deprivation of Plaintiff's civil rights, in violation of the Fourth Amendment of the United States Constitution as described in this Complaint.

66. Defendant CITY OF BROOKHAVEN and Defendant YANDURA have a persistent and widespread practice of ratifying and condoning the unlawful and

illegal activity of the City of Brookhaven Police officers, thereby allowing the deprivation Plaintiff's civil rights, as described in this Complaint.

67. Defendant CITY OF BROOKHAVEN, in failing to properly train, monitor, and supervise the City of Brookhaven Police officers, deprived Plaintiff of his civil rights, as described this Complaint.

68. As a direct and proximate result of the above-referenced conduct of Defendant Quilcate and Defendant CITY OFBROOKHAVEN, Plaintiff has suffered damages as outlined in detail in this Complaint, including significant medical expenses, which Plaintiff is entitled to recover.

69. As the direct and proximate result of the above-referenced conduct of Defendant Quilcate and Defendant CITY OF BROOKHAVEN, Plaintiff is entitled to receive damages for any conscious pain and suffering that he experienced, along with punitive damages.

## COUNT SIX: STATE LAW CLAIMS

70. Defendant CITY OF BROOKHAVEN was negligent and have violated state common law by allowing police officers to use excessive force on Plaintiff.

71. Defendant Quilcate was negligent and has violated state common law by committing an assault and battery against Mr. Gray, and by using excessive force on Mr. Gray.

72. As a result of Defendant CITY OF BROOKHAVEN and Defendant Quilcate's conduct, Mr. Mario Gray is entitled to damages.

### COUNT SEVEN: ATTORNEY'S FEES AND COSTS

73. Pursuant to 42 U.S.C. 1988 and state law, PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiff, Mario Gray, prays as follows:

a) That process issue and that Defendants be served according to law;

b) That Plaintiff has a trial by jury;

c) That Plaintiff has and recovers a verdict and judgment against Defendants, jointly and severally, in their official or individual capacities for all compensatory, general, and punitive damages, and for reasonable attorneys' fees pursuant to 42 U.S.C. 1988, and for all such amounts as may be proven before the trier of fact; and;

d) That Plaintiff has such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 2nd day of August, 2024.

/s/ Michael D. Harper
Michael D. Harper
Georgia Bar No. 328378
Attorney for Plaintiff

Michael D. Harper, P.C.
3017 Bolling Way, N.E., Suite 150
Atlanta, Georgia 30305
Telephone: (404) 271-6618
Facsimile: (404) 600-2146
Email: Mharper@mharperlaw.com